**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-24-0000639**
**10-JUN-2026**
**08:10 AM**
**Dkt. 76 SO**

NO. CAAP-24-0000639

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

STATE OF HAWAIʻI, Plaintiff-Appellee, v.
JOSUE MACARIO REYES PESQUERA, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE THIRD CIRCUIT
NORTH & SOUTH KONA DIVISION
(CASE NO. 3DTA-23-01953)

SUMMARY DISPOSITION ORDER
(By:  Nakasone, Chief Judge, Leonard and Wadsworth, JJ.)

Defendant-Appellant Josue Macario Reyes Pesquera (**Reyes Pesquera**) appeals from the September 5, 2024 Findings of Fact, Conclusions of Law, and Order Denying Defendant's Motion to Strike Proof of Compliance Hearings (**Compliance Hearings Order**) entered by the North and South Kona Division of the District Court of the Third Circuit (**District Court**).[1]

Reyes Pesquera raises a single point of error on appeal, contending that the District Court erred in setting "endless" unauthorized proof-of-compliance hearings and entering the Compliance Hearings Order.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to

---

[1]     The Honorable Ann S. Datta presided.

the arguments advanced and the issues raised, we resolve Reyes Pesquera's point of error as follows:

Reyes Pesquera pleaded no contest to, *inter alia*, Operating a Vehicle under the Influence of an Intoxicant in violation of Hawaii Revised Statutes (**HRS**) § 291E-61(a)(1) (2020) (**OVUII**).  He was sentenced to, *inter alia*, complete substance abuse assessment and successfully complete any recommended treatment.  A $250 Drug Demand Reduction Fee was taken under advisement for one year subject to being waived upon Reyes Pesquera successfully completing the required substance abuse assessments and treatments.[2]  After the District Court imposed the sentence, the District Court set the first of several compliance hearings.  On the same day, February 2, 2024, the District Court entered a Judgment and Notice of Entry of Judgment (**Judgment**).  The record reflects that compliance hearings were held on March 7, May 2, July 5, and August 1, 2024.  After Reyes Pesquera moved to strike the proof-of-compliance hearings, on September 5, 2024, the District Court entered the Compliance Hearings Order.[3]

Reyes Pesquera argues that the District Court erred when it entered the Compliance Hearings Order because, *inter alia*, it created a form of court supervision that is not found in the HRS and the District Court is not authorized to use proof-of-compliance hearings in OVUII cases as a form of probation to

---

[2]     The Honorable Kimberly B.M. Tsuchiya presided.

[3]     The record on appeal does not reflect any further disposition of the portion of the Judgment that was taken under advisement.

2

monitor Reyes Pesquera's substance abuse assessment, treatment, and rehabilitation.

This argument has merit. For the reasons set forth in this court's recent Opinion in State v. Rivero-Garcia, No. CAAP-24-0000637, 2026 WL 1582067 (Haw. App. June 3, 2026), we conclude that the District Court exceeded its authority under HRS § 291E-61 by requiring Reyes Pesquera to appear for proof-of-compliance hearings. Therefore, we conclude that the District Court erred in entering the Compliance Hearings Order.

Accordingly, the District Court's September 5, 2024 Compliance Hearings Order is reversed.

DATED: Honolulu, Hawaiʻi, June 10, 2026.

On the briefs:

Sara K. Haley,
Deputy Public Defender,
for Defendant-Appellant.

Charles E. Murray, III,
Deputy Prosecuting Attorney,
County of Hawaiʻi,
for Plaintiff-Appellee.

/s/ Karen T. Nakasone
Chief Judge

/s/ Katherine G. Leonard
Associate Judge

/s/ Clyde J. Wadsworth
Associate Judge